IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| D E ENTERPRISES, LLC, d/b/a CASCADES DEVELOPMENT GROUP, LLC, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ZURICH NORTH AMERICA d/b/a )<br>ASSURANCE COMPANY OF AMERICA, )<br>)<br>Defendant. ) | Civil Action No: 3:06cv692 |

## ANSWER

Defendant, Assurance Company of America ("ACoA"),[1] answers Plaintiff's Complaint as follows:

1. Admitted upon information and belief.

2. Denied. ACoA is the entity that issued Plaintiff's policy and the proper party defendant. ACoA is a corporation organized and existing under the laws of the State of New York with its principal place of business in the State of Illinois.

### Factual Statement

3. The allegations in contained in paragraph 3 do not allege facts against ACoA and do not require a response. To the extent a response is required, ACoA states that the Property was damaged after a water main broke and caused water and mud to seep into the foundation of the

---

[1] Plaintiff has sued Zurich North America. Zurich North America is only a trade name for ACoA and other Zurich affiliated companies. It is not a proper defendant. To the extent that Plaintiff and/or the Court might consider Zurich North America to be a proper party, this Answer should be deemed filed on behalf of both ACoA and Zurich North America.

Plaintiff's house. ACoA states that it is informed and believes that this damage was discovered on or about September 11, 2004. Any allegation not expressly admitted in paragraph 3 is hereby denied.

4.     Denied. ACoA states that it is informed and believes that Plaintiff became aware of the water damage to the Property on September 11, 2004 and provided notice of such loss to ACoA on or about September 14, 2004. ACoA admits that the claim number assigned was 5350024163-001.

5.     Admitted.

6.     ACoA admits that it investigated this loss beginning in September of 2004. ACoA further admits that it wrote Plaintiff a letter on February 9, 2005 stating that the loss was not a covered loss per the policy. ACoA denies that it based its denial solely on the surface water exclusion contained in the policy. Further, ACoA states that in its February 9, 2005 letter, it expressly reserved the right to rely on other exclusions contained in the policy.

7.     ACoA states that the best evidence of the statements contained in the February 9, 2005 letter is the letter itself. ACoA denies that the damage to the Property was not caused by surface water and/or mud flow and/or ground water. ACoA denies that the policy provides coverage for the type of water damage to Plaintiff's Property.

8.     Denied.

## COUNT ONE

9.     ACoA adopts and realleges paragraphs 1 – 8 of its Answer as if set forth fully herein.

10.     Denied.

ACoA denies that Plaintiff is entitled to any of the requested relief.

**COUNT TWO**

11. ACoA adopts and realleges paragraphs 1 – 10 of its Answer as if set forth fully herein.

12. Denied.

ACoA denies that Plaintiff is entitled to any of the requested relief.

**GENERAL DENIAL**

Any allegation contained in Plaintiff's Complaint that is not expressly admitted is hereby denied.

**AFFIRMATIVE DEFENSES**

ACoA asserts the following affirmative defenses:

**First Defense**

Plaintiff's Complaint fails to state a claim against ACoA upon which relief can be granted.

**Second Defense**

Plaintiff's claims are barred by the terms of the policy.

**Third Defense**

Plaintiff's claim was fully and completely investigated and pursuant to the express terms of the policy, there is no coverage. Defendant has fulfilled all obligations under the terms of the subject policy.

**Fourth Defense**

ACoA's actions with regard to Plaintiff's claim were completely justified and lawful.

**Fifth Defense**

ACoA has acted in good faith in all ways with regard to Plaintiff's claim.

### Sixth Defense

ACoA breached no duties owed to Plaintiff.

### Seventh Defense

Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, and unclean hands.

### Eighth Defense

ACoA had a legitimate, arguable, and reasonably debatable reason for denying Plaintiff's claim.

### Ninth Defense

ACoA denies it has been guilty of any conduct that would entitle Plaintiff to recover punitive damages.

### Tenth Defense

Defendant avers that any award of punitive damages to the Plaintiff in this case would be in violation of the constitutional safeguards provided to them under the Constitution of Alabama.

### Eleventh Defense

Defendant avers that any award of punitive damages to the Plaintiff in this case would be in violation of the constitutional safeguards provided to them under the Constitution of the United States.

### Twelfth Defense

Defendant avers that in the likely event that Plaintiff seeks to recover punitive damages, this claim cannot be sustained, because any award of punitive damages under Alabama law, without bifurcating the trial and trying all punitive damages issues only if and after liability on the merits has

been found, would violate Defendant's due process rights guaranteed by the Fourteenth Amendment to the Constitution of the United States and the due process provisions of the Constitution of Alabama and would be improper under the common law and public policies of the State of Alabama and under applicable court rules and statutes.

### Thirteenth Defense

Defendant avers that any claim by Plaintiff for punitive damages, on its face and/or as applied in this case, is in violation of the Fourth Amendment of the Constitution of the United States; the Fifth Amendment of the Constitution of the United States; of the right to counsel and a fair trial provided by the Sixth Amendment of the Constitution of the United States; of the right to trial by jury of the Seventh Amendment of the Constitution of the United States; of the proportionality principles contained in the Eighth Amendment of the Constitution of the United States; the Due Process Clause of the Fourteenth Amendment of the Constitution of the United States; and Article 1, Sections 1, 2, 6, 11, 13, 15, 27, and 35 of the Constitution of Alabama of 1901, and is improper under the common law and public policies of the State of Alabama and under applicable court rules and statutes for the following reasons, jointly and separately:

1. There are no standards provided by Alabama law for the imposition of punitive damages, and therefore, Defendant has not been put on notice and given the opportunity to anticipate punitive liability and/or the potential size of an award and to modify or conform its conduct accordingly;

2. Punitive damages are penal in nature and should not be imposed by civil courts or juries.

3. The procedures to be followed would permit an award of punitive damages against Defendant upon the satisfaction of a burden of persuasion (standard of proof) less than that applicable to the imposition of criminal sanctions for equal culpability;

4. The procedures to be followed would permit an award of punitive damages against

       Defendant upon the satisfaction of a burden of persuasion (standard of proof) less than what is applicable to tortfeasors in other actions;

5. Because punitive damages are a form of criminal or quasi-criminal sanctions, any award of punitive damages is unconstitutional absent the same protections accorded to criminal defendants, including, but not limited to, protection against unreasonable searches and seizures, the right to confront adverse witnesses, a speedy trial and effective assistance of counsel, all separately and severally;

6. The procedures to be followed would permit the award of multiple punitive damages for the same act or omission;

7. There are no provisions or standards for clear and consistent appellate review of any award of punitive damages against this defendant under present Alabama law;

8. The standards of conduct upon which punitive damages are sought against Defendant are vague and ambiguous;

9. The procedures used by Alabama courts and the guidelines given to the jurors, jointly and separately, are vague and ambiguous;

10. The procedures used by Alabama courts and the guidelines given to jurors, jointly and separately, are vague and ambiguous and thus, impermissibly delegate to jurors basic policy matters;

11. The procedures used by Alabama courts and guidelines given to jurors, jointly and separately, are vague and ambiguous and, thus, impermissibly allow jurors broad, unlimited power and unfettered discretion to make determinations on whether to award punitive damages and, if so, on the amount to be awarded;

12. The procedures under which punitive damages are awarded and instructions used in Alabama courts, jointly and separately, are vague and ambiguous and, thus, fail to eliminate the effects of, and to guard against, impermissible juror passion;

13. The procedures under which punitive damages are awarded and instructions used in Alabama courts, jointly and separately, fail to guard against the award of punitive damages on the basis of discriminatory characteristics such as the wealth of the defendant;

14. Present Alabama law does not provide for sufficiently objective and specific standards to be used by the jury in its deliberations on whether to award punitive damages and, if so, on the amount to be awarded;

15. Present Alabama law does not provide a meaningful opportunity for challenging the rational basis for, and any excessiveness of, any award of punitive damages;

16. Present Alabama law does not provide for adequate and independent review by the trial court and the appellate court of the imposition of punitive damages by a jury or of the amount of any punitive damages awarded by a jury;

17. An award of punitive damages is not subject to judicial review for reasonableness and furtherance of legitimate purpose on the basis of constitutionally adequate standards of sufficient clarity, objectivity and uniformity;

18. Present Alabama law does not provide the constitutionally required balance between a defendant's interest in rational decision making and the state's interest in ensuring appropriate punishments.

19. The present Alabama procedures fail to provide a constitutional and reasonable limit on the amount of any punitive award against Defendant;

20. The present Alabama procedures may permit the admission of evidence relative to punitive damages in the same proceedings during which liability is determined;

21. An award of punitive damages would compensate the Plaintiff for elements of damage not otherwise recognized by Alabama law and would enrich or compensate the Plaintiff, which is an impermissible utilization of allegedly punitive damages;

22. The present Alabama procedures fail to require any rational, objective or logical relationship between either the award of or the amount of punitive damages awarded and the alleged conduct of the defendant or the compensatory damages awarded to the Plaintiff, if any;

23. The term "malice," as used and defined in Section 6-11-20(a) and Section 6-11-20(b), *Code of Alabama (1975)*, creates an unconstitutional, irrebuttable, mandatory presumption;

24. An award of punitive damages in this case would permit the punishment of Defendant other than by virtue of a law established and promulgated prior to the offense and legally applied.

**Fourteenth Defense**

The award of punitive or extra-contractual damages on the basis of vicarious liability for the conduct of others violates the Fifth, Eighth and Fourteenth Amendments of the Constitution of the

United States as well as the Constitution of Alabama provisions set forth above.

### Fifteenth Defense

The assessment and adjudication against Defendant of any punitive damages other than those measured according to their sole, individual conduct would be improper and impermissible.

### Sixteenth Defense

Punitive damages are a form of criminal or quasi-criminal sanctions, and any award of punitive damages against Defendant will be in violation of Defendant's rights under the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and Article I, Sections 1, 5, 6, 7, 9, 11 and 22 of the Alabama Constitution unless Defendant is afforded the safeguards guaranteed by those provisions, including but not limited to the right of proof by evidence beyond a reasonable doubt and the right to separate trials if requested by Defendant for the determination of liability for compensatory and punitive damages, as well as for the determination of the amount of punitive damages, if any.

### Seventeenth Defense

The imposition of punitive damages deprives Defendant of the right to equal protection under the laws provided in the Fifth and Fourteenth Amendments of the Constitution of the United States and in Article 1, Sections 1, 6 and 22, of the Constitution of Alabama of 1901 for the following reasons, jointly and separately:

1. The procedures to be followed would permit the awarding of punitive damages against Defendant upon the satisfaction of a burden of persuasion (standard of proof) less than the applicable standard in criminal cases for criminal sanctions involving similar or identical levels of culpability;

2. The absence of sufficiently specific and objective standards for the imposition of punitive damages fails to insure the equality of treatment between and among

      similarly situated defendants and, thus, may result in the imposition of disparate penalties for the same or similar acts;

3.     Punitive damages are penal in nature and defendant, without procedural protections, are compelled to disclose documents and/or other evidence without constitutional safeguards against self-incrimination whereas persons charged under criminal provisions for acts or omissions of similar culpability are protected from being compelled to disclose documents and/or other evidence by constitutional procedures and safeguards available in criminal cases.

### Eighteenth Defense

Any claim by Plaintiff for punitive damages is barred to the extent that she seeks the admission into evidence of Defendant's net worth in determining whether punitive damages are to be awarded and/or in what amount they are to be awarded because punitive damages are a form of punishment grounded in Defendant's status rather than specific misconduct and, thus, have the effect of treating classes of citizens unequally in violation of the equal protection clause of the Fifth and Fourteenth Amendments to the Constitution of the United States and Article I, Sections 1, 6, 13 and 22 of the Constitution of Alabama.

### Nineteenth Defense

The imposition of punitive damages in this case is unconstitutional under the Fifth and Fourteenth Amendments of the Constitution of the United States and Article 1, Section 6 of the Constitution of Alabama of 1901 because punitive damages are penal in nature and the defendant is compelled to disclose documents and/or other evidence without constitutional safeguards against self-incrimination.

### Twentieth Defense

By virtue of Alabama Code §§ 6-11-20 and 6-11-27 (1975), punitive damages are not recoverable against this Defendant.

**Twenty-First Defense**

Alabama's present procedure for post-verdict review of punitive damages violates the Seventh Amendment of the Constitution of the United States and Article 1, Section 11 of the Constitution of Alabama because it allows the court to review evidence not presented to the jury and apply standards on which the jury was not instructed.

**Twenty-Second Defense**

The imposition of punitive damages in this case will constitute an excessive fine in violation of the Eighth Amendment of the Constitution of the United States and Article 1, Section 15 of the Constitution of Alabama.

**Twenty-Third Defense**

The imposition of punitive damages in this case is unconstitutional under the due process clause of the Fourteenth Amendment of the Constitution of the United States for the following reasons, jointly and separately:

I. The imposition of punitive damages in this case would constitute an arbitrary and capricious taking of the Defendant's property with no rationally stated purpose; and

II. Allowing a jury to award punitive damages with unfettered discretion is inconsistent with due process.

**Twenty-Fourth Defense**

The imposition of punitive damages in this case is unconstitutional under the due process clause of the Fourteenth Amendment of the Constitution of the United States because such damages are vague and ambiguous and are not rationally related to any legitimate government interest.

### Twenty-Fifth Defense

The imposition of punitive damages in this case is an unconstitutional deprivation of property without the due process of law guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States and Article 1, Section 6 of the Constitution of Alabama.

### Twenty-Sixth Defense

Any award of punitive damages to the Plaintiff in this case would be in violation of Article 1, Section 10, Clause 1 of the Constitution of the United States and Article 1, Section 22 of the Constitution of Alabama prohibiting laws which impair the obligation of contracts.

### Twenty-Seventh Defense

The imposition of punitive damages in this case violates the Commerce Clause of the United States Constitution by placing an undue burden on interstate commerce.

### Twenty-Eighth Defense

The imposition of punitive damages in this case unconstitutionally violates the right of the Defendant to access to the courts as guaranteed by the First and Fourteenth Amendments of the Constitution of the United States.

### Twenty-Ninth Defense

The imposition of punitive damages in this case violates the double jeopardy clause of the Fifth Amendment of the Constitution of the United States as incorporated into the Fourteenth Amendment of the Constitution of the United States.

### Thirtieth Defense

An award of punitive damages in this case, if any, may not exceed the limitations set forth in Ala. Code § 6-11-21 (Supp. 1999).

### Thirty-First Defense

Defendant denies that they have been guilty of any conduct that would allow recovery of emotional distress or mental anguish damages.

### Thirty-Second Defense

An award of mental anguish or emotional distress damages in this case will violate Defendant's Due Process and Equal Protection rights guaranteed by the Alabama Constitution and the United States Constitution because Alabama juries are not given any rules, standards, or guidelines upon which to rely in calculating mental anguish or emotional distress damage awards.

### Thirty-Third Defense

To award Plaintiff damages for mental anguish or emotional distress in the absence of any standards for the determination of mental anguish or emotional distress and/or the absence of any requirement for corroborating or objective evidence of mental anguish or emotional distress makes such an award tantamount to punitive damages. As such, Defendant avers that such an award in this case would violate both the Alabama Constitution and the United States Constitution and for the other separate and several reasons stated herein.

### Thirty-Fourth Defense

Defendant reserves the right to assert additional defenses that may arise as discovery progresses or that they otherwise become aware of during the course of this litigation.

Respectfully submitted,

/s/ Anne Laurie Smith_____
THOMAS M. O'OHARA (OHART4140)
ANNE LAURIE SMITH (SMITA2262)
Attorneys for Assurance Company of America, Inc.

Of Counsel:

McDOWELL KNIGHT ROEDDER & SLEDGE, L.L.C.
Post Office Box 350
Mobile, Alabama  36601
Ph. (251)432-5300
Fax (251)432-5303
E-Mail:  tohara@mcdowellknight.com
         alsmith@mcdowellknight.com

**CERTIFICATE OF SERVICE**

I hereby certify that on August 9, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

/s/Anne Laurie Smith_____

COUNSEL:

Lee R. Benton, Esq.
Benton & Centeno LLP
2019 Third  Avenue North
Birmingham, AL  35203