IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| D E ENTERPRISES, LLC d/b/a<br>CASCADES DEVELOPMENT GROUP, LLC,<br><br>        Plaintiff,<br><br>v.<br><br>ASSURANCE COMPANY OF AMERICA,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>) Civil Action No. 3:06-cv-00692-VPM<br>)<br>)<br>)<br>) |

**REPORT OF PARTIES' PLANNING MEETING**

    1.    Pursuant to F.R.C.P. 26(f), a meeting was held on August 25, 2006. Those attending the meeting are otherwise constituting trial counsel are, as follows:

        a.    Lee R. Benton, Thomas C. Fernekes and/or Amy M. Hazelton on behalf of the Plaintiff, D E Enterprises, LLC, which does business as Cascades Development Group, LLC; and

        b.    Thomas M. O'Hara and Anne Laurie Smith on behalf of Defendant, Assurance Company of America. The parties are informed that Zurich North America is, at most, a trade name for Assurance Company of America, the properly identified Defendant to this action.

    2.    <u>Pre-discovery Disclosures:</u> The parties shall exchange the information required by F.R.C.P. 26(a) by September 15, 2006.

    3.    <u>Synopsis of the Case, with Brief Description of General Claims and Defenses:</u>

a.  Plaintiff's Statement:  This is a suit brought for the breach of a policy of insurance.  D E Enterprises, LLC is an Alabama limited liability company which acts through Cascades Development Group, LLC in the development of residential real property.  It obtained a Builder's Risk Insurance Policy No. BRN48521190 from the Defendant (the "Policy").  During the term of the Policy, a waterline adjacent to the premises under construction broke and water flowed onto, into and through a home then being constructed by the Plaintiff, causing damage to the property and house.  Additional damages arose through mildew and related consequential damages in that no one was a aware of the incident for approximately one week.  The Plaintiff was caused to undertake substantial repair and has lost both the costs of such repair and incidental and consequential damages through its inability to timely complete and market the premises.  Demand was made upon the Defendant insurance company, pursuant to the Policy, which denied coverage by correspondence dated February 9, 2005, and more recently, August 14, 2006.  Plaintiff contends that the Defendant has breached its policy of insurance and that there was no legal justification for denying the loss, thereby creating tortious misconduct through a bad faith denial of the claim.

Page 3

  b. Defendant's Statement:  Plaintiff has asserted claims against Defendant alleging breach of contract and bad faith.  These claims arise out of the Policy issued to Plaintiff by Defendant.  On or about September 14, 2004, Plaintiff submitted a claim under the Policy for damage to its property after a water main burst causing surface water, ground water and/or mud to seep into the property's foundation.  The Policy, however, expressly excludes damage caused by ground water and/or surface water and/or mud.  Because the damage to Plaintiff's property was specifically excluded by the plain and unambiguous terms of the Policy, Defendant denied Plaintiff's claim.  Defendant has fulfilled all obligations pursuant to the Policy.  Defendant has at all times acted in good faith with regard to Plaintiff's claim.  It fully and completely investigated Plaintiff's claim, and pursuant to the express terms of the Policy there is no coverage.

 4. Deadline:  The parties shall have until November 1, 2006, to amend any pleadings and to add (and complete service of process upon) any new party.

 5. Discovery Plan:  The parties jointly propose to the Court a Discovery Plan, as follows:

  a. Plaintiff will require discovery concerning the nature and reason of the denial of the policy by the Defendant, the extent of investigation and legal efficacy of any purported denial or exclusion.  Plaintiff also may need

Page 4

       discovery relating to the nature and cause of the incident and the extent of damages.

b.    Defendant will require discovery concerning all of Plaintiff's claims and Defendant's defenses. Specifically, Defendant will require discovery of any information or documents that support Plaintiff's claim that the damage to its property is covered by the Policy.

c.    A maximum of 30 interrogatories may be requested by each party to any other party; responses are due 30 days after service;

d.    A maximum of 30 requests for admissions may be made by each party to any other party; responses are due 30 days after service;

e.    A maximum of 8 depositions by each party;

f.    A maximum of 30 categories of documents to be requested by each party from any other party; responses due 30 days after service;

g.    Plaintiff shall identify and provide any report of its expert on or before February 15, 2007;

h.    Defendant shall identify and provide any report of its expert on or before March 15, 2007;

i.    All discovery shall be commenced in time to be completed by April 16, 2007;

6.      <u>Other Items:</u>  Any dispositive motions shall be filed no later than May 15, 2007; responses shall be filed by June 11, 2007; any replies to such response shall be filed no later than June 18, 2007.

7.      The parties do not request a conference with the Court before entry of a Scheduling Order.

8.      Settlement cannot presently be evaluated prior to completion of discovery, although the parties anticipate using their best efforts to resolve disputes as quickly as possible.

9.      Final lists of witnesses and exhibits under F.R.C.P. 26(a)(3) shall be provided by the party 14 days prior to trial; final lists of trial evidence under F.R.C.P. 26(a)(3) shall be submitted on or before 14 days prior to trial; objections to authenticity of exhibits, competency of witnesses or objections under F.R.C.P. 26(a)(3) to final lists of trial evidence shall be submitted no later than 7 days prior to trial.

10.     The case should be ready for trial by October 1, 2007, and at this time trial is expected to take approximately 3 days.

Dated this 8th day of September, 2006.

> Submitted by:
>
> /s/ Lee R. Benton
> Lee R. Benton (ABS 8421-E63L)
> Attorney for D E Enterprises, LLC

BENTON & CENTENO, LLP
2019 Third Avenue North
Birmingham, Alabama 35203
Phone: 205-278-8000

G:\wpusers\LRB\Cascades-Evans-DE Ent 2210\Zurich Ins - 003\P-Report of Parties.wpd

Fax: 205-278-8008
lbenton@bcattys.com


            /s/ Anne Laurie Smith
            Anne Laurie Smith (SMITA2262)
            Attorney for Assurance Company of America, Inc.

McDOWELL KNIGHT ROEDDER & SLEDGE, L.L.C.
P. O. Box 350
Mobile, Alabama 36601
Phone: 251-432-5300
fax: 251-432-5303
asmith@mcdowellknight.com

## CERTIFICATE OF SERVICE

    I hereby certify that on the 8th day of September, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM-ECF system, which will send notification of such filing to all parties requesting electronic service.


            /s/ Lee R. Benton
            Lee R. Benton